UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson, Timothy Gillen, Kyle Jones, Steven Hall, Clayton Johnson, Don Odermann, James Lenart, and Bill Patt as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael R. Fanning as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Joseph Ryan, Bruce Carlson, Glen Johnson, Frank Frattalone, Lee Hiller, Tony Phillippi, Greg Waffensmith, Mark Ryan, as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>  Plaintiffs,<br><br>vs.<br><br>Bemidji Bituminous, Inc., and Todd M. Nelson, individually,<br><br>  Defendants | Case No. _____<br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, as their Complaint against the Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees and Fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of

1

Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq. The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Bemidji Bituminous, Inc. ("Bemidji Bituminous") is a Minnesota business corporation with the registered address of 430 Lomond Drive Northwest, Bagley, Minnesota 56621. Bemidji Bituminous is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. Defendant Todd M. Nelson ("Nelson") is an individual and owner/officer of Bemidji Bituminous who agreed to be personally liable to the Operating Engineers Local #49 Health and Welfare Fund. Nelson is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject

matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTS

7. The Funds re-allege incorporate by reference paragraphs 1-6 herein.

8. At all times material herein, Bemidji Bituminous was bound to a series of collective bargaining agreements between the Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International Union of Operating Engineers, Local No. 49 ("Collective Bargaining Agreements").

9. Bemidji Bituminous was bound to the Collective Bargaining Agreements through at least October 31, 2011.

10. Nelson executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement") whereby Bemidji Bituminous agreed to contribute to the Operating Engineers Local #49 Health and Welfare Fund. The Welfare Participating Agreement also provides that in executing the Welfare Participating Agreement, Nelson agreed to bind himself individually to the full and faith full performance of the Welfare Participating Agreement.

11. The Welfare Participating Agreement states that Bemidji Bituminous and Nelson shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of Agreements and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement") and that

Bemidji Bituminous and Nelson agree to be bound to the terms of the Welfare Trust Agreement.

12. The Collective Bargaining Agreements and the Welfare Trust Agreement require Bemidji Bituminous and Nelson to contribute every month, not later than the 15th day of the following month contributions to the Funds in an amount set forth in the Collective Bargaining Agreements for each hour worked by their employees covered by the Collective Bargaining Agreements.

13. The Collective Bargaining Agreements and Welfare Trust Agreement require Bemidji Bituminous and Nelson to calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with their monthly payment to the Funds.

14. The Collective Bargaining Agreements state that an employer shall be considered delinquent for a particular month if the remittance report and payment are not postmarked on or before the 15th day of the following month.

15. The Collective Bargaining Agreements permit the Funds or their authorized agents to examine employer's payroll and employment records whenever such examination is deemed necessary by the Funds or their authorized agents in connection with the proper administration of the Funds.

16. The Collective Bargaining Agreements require Bemidji Bituminous and Nelson to promptly furnish to the Funds or their authorized agents, on demand, all necessary employment and payroll records relating to their employees covered by the Collective Bargaining Agreements for examination whenever such examination is deemed necessary by the Funds or their authorized agents.

17. The Collective Bargaining Agreements state that if an employer becomes delinquent, they shall be required to pay as liquidated damages an amount equal to 15% of the payment otherwise due.

18. The Welfare Trust Agreement states that if an employer is liable for liquidated damages in an amount between five and fifteen percent of any contributions submitted after on the twenty fifth day of the month or after.

19. The Collective Bargaining Agreements state that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

20. The Welfare Trust Agreement states that employers are liable for any attorneys' fees or expenses incurred by the Funds in pursuing the collection of delinquent contributions.

21. The Welfare Trust Agreement states that an employer is liable for interest on any unpaid contributions.

## COUNT I
## BREACH OF CONTRACT/RIGHT TO AUDIT

22. The Funds re-allege and incorporate by reference paragraphs 1-21 herein.

23. The Funds' auditor requested that Bemidji Bituminous and Nelson produce a complete set of their payroll and employment records for the period of January 1, 2008 through at least October 31. 2011 ("Audit Period").

24. Bemidji Bituminous and Nelson breached the terms of the Collective Bargaining Agreements by failing to produce their payroll and employment records for the Audit Period.

25. Upon information and belief, Bemidji Bituminous and Nelson employed individuals during the Audit Period on whose behalf contributions may be due and owing.

26. Unless Bemidji Bituminous and Nelson are ordered to specifically perform the obligation to produce the records and permit the audit and are enjoined from further obstruction of such procedure, the Funds will have no means of verifying the proper amounts due and owing to them, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Bemidji Bituminous and Nelson's employees.

27. In the absence of this court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

28. Bemidji Bituminous and Nelson should be enjoined from further refusal and failure to allow the Funds' authorized agent access to their employment and payroll records.

## COUNT II
## ERISA DAMAGES

29. The Funds re-allege incorporate by reference paragraphs 1-28 herein.

30. Bemidji Bituminous and Nelson are liable to the Funds for liquidated damages found to be due and owing pursuant to the audit pursuant to the Collective Bargaining Agreements and Welfare Trust Agreement.

31.   The Funds are entitled to liquidated damages under ERISA § 502(g), 29 U.S.C. § 1132(g).

32.   Bemidji Bituminous and Nelson are liable to the Funds for all attorneys' fees, service fees, filing fees, court reported fees, and other legal costs and disbursements incurred by the Funds in this action pursuant to the Collective Bargaining Agreements and the Welfare Trust Agreement.

33.   The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

34.   Bemidji Bituminous and Nelson are liable for interest charges on any unpaid contributions under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendants Bemidji Bituminous, Inc. and Todd M. Nelson individually, as follows:

1.   For an Order adjudging that Defendants are required to forthwith produce for inspection and audit the following of its payroll and employment records for the period of January 1, 2008 through at least October 31. 2011:

   a.   All payroll registers or journals;

   b.   All check registers or journals for all financial accounts;

   c.   All monthly account statements for all financial accounts;

   d.   All time cards;

   e.   All Internal Revenue 941 quarterly reports;

   f.   All Internal Revenue W-2 and W-3 forms;

g. Sequential canceled checks from Defendants' payroll account;

h. Sequential canceled checks from Defendants' checking accounts;

i. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms; and

j. Any such records as are deemed necessary to the performance of such audit by Plaintiffs' authorized agent.

2. For an Order adjudging that such production and inspection shall occur within ten days of entry of this Court's Order requiring same at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

3. For an Order adjudging that Defendants are enjoined from further failure or refusal to produce such records and to permit such inspection, and from further obstruction of Plaintiffs' auditing procedures.

4. For judgment against Defendant Bemidji Bituminous, Inc. for all unpaid fringe benefit contributions discovered to be due pursuant to the audit of the period of January 1, 2008 through at least October 31. 2011 plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

5. For judgment against Defendant Todd M. Nelson for all unpaid fringe benefit contributions to the Operating Engineers Local #49 Health and Welfare Fund discovered to be due pursuant to the audit of the period of January 1, 2008 through at least October 31, 2011 plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

6. For an award of costs, disbursements and attorney fees according to law.

7. Such other and future relief as the Court deems just, equitable or proper.

Date: February 11, 2013                MCGRANN SHEA CARNIVAL
                                       STRAUGHN & LAMB, CHARTERED


                                       By: /s/ Amy
                                       Carl S. Wosmek #300731
                                       Amy L. Court #319004
                                       800 Nicollet Mall, Suite 2600
                                       Minneapolis, MN 55402
                                       Telephone: (612) 338-2525

                                       *Attorney for Plaintiffs*